HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE CAIRONE[1], et al.,

    Plaintiffs,

v.

PROSPECT MORTGAGE, LLC,

    Defendant.

CASE NO. 13-722 RAJ

ORDER

This matter comes before the court on plaintiffs' motion to strike defendant's jury trial demand. Dkt. # 18.

Federal Rule of Civil Procedure 12(f) allows for a court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Immaterial matter is that which has no essential or

---

[1] Although Ms. Cairone was terminated as a party to this action, the parties have not moved the court for an order formally changing the caption. The court will continue to caption this case with Ms. Cairone as the plaintiff, and ORDERS the parties to do so as well on all future filings.

ORDER- 1

important relationship to the claim for relief or the defenses being pleaded, and impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* Motions to strike are generally disfavored, and should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more parties. *Johnson v. U.S. Bancorp*, Case No. C11-2010RAJ, 2012 WL 6615507, *7 (W.D. Wash. Dec. 18, 2012). In deciding a motion to strike, the court must view the pleading in the light most favorable to the pleading party. *Id.*

The Constitutions of the United States and Washington guarantee the right to trial by jury in civil cases. U.S. Const. Amend. VII; Wash. Const. art. 1, § 21. The parties agree that parties may waive their civil right to trial by jury through contractual waivers. Dkt. # 18 at 4; Dkt. # 19 at 5; *see also Frontline Processing Corp. v. First State Bank of Eldorado*, 389 Fed. Appx. 748, 754 (9th Cir. 2010) (plaintiff waived right to jury trial based on jury-trial waiver provision in contract); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (arbitration agreements are subject to defenses that apply to contracts, and federal courts should apply ordinary state-law principles that govern the formation of contracts); *Adler v. Fred Lind Manor*, 153 Wash. 2d 331, 360, 103 P.3d 773 (Wash. 2005) ("by knowingly and voluntarily agreeing to arbitration, a party implicitly waives his right to a jury trial by agreeing to an alternate forum, arbitration." ).

The Washington Supreme Court[2] has stated:

> The doctrine of waiver ordinarily applies to all rights or privileges to which a person is legally entitled. A waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. It may result from an express agreement or be inferred from circumstances indicating an intent to waive. It is a voluntary act which implies a choice, by the party, to dispense with something of value or to forego some advantage. The right, advantage, or benefit must exist at the time of the alleged waiver. The one against whom

---

[2] It is unclear to the court why plaintiffs have cited legal authority from other jurisdictions.

> waiver is claimed must have actual or constructive knowledge of the existence of the right. He must intend to relinquish such right, advantage or benefit; and his actions must be inconsistent with any other intention than to waive them.
>
> * * *
>
> An implied waiver may arise where one party has pursued such a course of conduct as to evidence an intention to waive a right, or where his conduct is inconsistent with any other intention than to waive it. . . .

*Bowman v. Webster*, 44 Wash. 2d 667, 669-70, 269 P.2d 960 (Wash. 1954).

Here, plaintiffs were opt-in plaintiffs in a collective class action against defendant in the Eastern District of California (the "*Sliger*" litigation). Based on a review of that docket, the named plaintiffs made a demand for a jury trial upon filing the complaint in October 2010. Case No. C11-465-LKK-EFB, Dkt. # 1. However, plaintiffs in this action did not opt-in to the *Sliger* litigation until after the class had been conditionally certified and over a year after the initial demand for a jury trial, between November 22, 2011 and February 28, 2012. Dkt. # 1, Ex. A. In January 2013, the *Sliger* court entered an order decertifying the class pursuant to a stipulation of the parties. Plaintiffs filed this case in April 2013, and did not demand a jury trial.

The court finds that the simple act of opting in to a class action does not indicate a course of conduct that evidences an intention to waive the jury waiver agreements, or demonstrate that plaintiffs' conduct in opting in was inconsistent with any other intention than to waive the agreements. As the parties are well aware, putative class members frequently opt-in to class actions pursuant to a notice and simply wait for resolution of the case. There is no evidence that plaintiffs took any actions in the *Sliger* litigation, other than filing a consent to make a claim under the Fair Labor Standards Act. Such an action is insufficient as a matter of law to implicitly waive the jury waiver agreement, especially where the jury demand was made prior to their involvement in the case.

Additionally, the jury waiver agreements explicitly evidence the parties' intent to waive the right to a jury in a civil case, and to have all disputes resolved by a judge.[3] The court finds that plaintiffs have provided sufficient authentication of the jury waivers where they were produced by defendant as part of the personnel files in the *Sliger* action. Dkt. # 21-1 (Hansen Decl.) ¶¶ 3-6; *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 n.20 (9th Cir. 2002) (citing other legal authority for the propositions that documents produced by a party in discovery are deemed authentic when offered by the part-opponent and that authentication can be accomplished through judicial admissions such as production of items in response to discovery requests).

For all the foregoing reasons, the court GRANTS plaintiffs' Rule 12(f) motion to strike defendants' jury demand. Given that defendant has not produced the personnel file for plaintiff Marta Montalto, and the court does not have evidence of an explicit jury waiver between her and defendant, this order does not apply to her. If such a waiver is found in her personnel file, she may file a motion to strike at that time.

Dated this 12th day of March, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[3] Although the jury waiver was not signed by defendant, it nevertheless demonstrates that defendant intended to waive its own right to a jury trial. The agreement provides: "Although the Company believes that our internal complaint resolution procedures should be sufficient to resolve any workplace problems that you may have, we recognize that sometimes notwithstanding everyone's best efforts, a matter cannot be resolved informally. In those rare instances, **we believe** that our nation's judges (such as federal judges who are appointed by Congress for life and thus are free from any outside bias or influence) are in the best position to resolve **our workplace disputes**. Accordingly, **we have created this policy**, which, in effect, says that if you file a lawsuit, a judge will decide if we acted correctly or incorrectly." Dkt. # 18-2 at 2-6 (Ex. 1 to Mot.) (emphasis added).

ORDER- 4