HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE CAIRONE, et al.,

   Plaintiffs,

  v.

PROSPECT MORTGAGE, LLC,

   Defendant.

CASE NO. C13-722 RAJ

ORDER

   This matter comes before the court on defendant Prospect Mortgage, LLC's motion to stay pending decision to transfer by the Judicial Panel on Multidistrict Litigation for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Motion"). Dkt. # 23. Plaintiffs were opt-in plaintiffs in a collective class action against defendant in the Eastern District of California (the "*Sliger*" litigation). In January 2013, the *Sliger* court entered an order decertifying the class pursuant to a stipulation of the parties. As a result of the decertification, plaintiffs and 236 other former *Sliger* opt-in plaintiffs filed 37 separate federal court cases in different district courts throughout the country. All plaintiffs in each of these cases are represented by the same counsel, and defendant is represented by the same counsel. On August 16, 2013,

defendant filed the MDL motion, and oral argument was scheduled for December 2013. Defendant anticipates that a decision will be forthcoming in early 2014.

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The exertion of this power calls for the exercise of a sound discretion." *Id.* "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

Although counsel for the parties have discussed possible coordination of discovery in all 37 cases, there is no evidence before the court that plaintiffs have agreed to any method of coordinating discovery across the cases. Instead, defendant will have to respond to nearly identical discovery requests in 23 cases, as well as defend depositions of the same corporate witnesses. On the other hand, plaintiffs have been delayed in acquiring resolution of their claims where they opted in to the *Sliger* litigation between November 22, 2011 and February 28, 2012 (Dkt. # 1, Ex. A), and filed this case in April 2013, four months after the decertification. Accordingly, both parties will suffer some prejudice. The court has not received notice regarding the status of the MDL Motion, and the court has no reason to suspect that there will be a significant delay in resolution of that motion. This court has an incredibly heavy docket, with many pending motions

that date back several months.  Indeed, defendant's motion to stay was noted for October 25, 2013, and the court has only now addressed it, 5 months later.  This case is in the early stages, as a case schedule has yet to be entered, and the court's proceedings will suffer minimal interruption by entering a stay pending resolution of the MDL Motion.  In contrast, if the court denied the stay, this court could waste precious time and resources it does not have on discovery disputes if the MDL Motion is granted.

Accordingly, the court finds that, on balance, a stay is warranted pending resolution of the MDL Motion.

For all the foregoing reasons, the court GRANTS defendant's motion to stay.  The parties are ORDERED to notify the court in writing regarding the resolution of the MDL Motion within 10 days of such an order.

Dated this 12th day of March, 2014.

_____
The Honorable Richard A. Jones
United States District Judge